```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| MARIO A. MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-2018-B/V |
| | ) | |
| K.M. WHITE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

```
          ORDER DENYING MOTION FOR AN EXTENSION OF TIME
         ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
            ORDER GRANTING MOTIONS FOR LEAVE TO AMEND
                  ORDER STRIKING UNSIGNED FILING
                 ORDER DENYING MOTION FOR DISCOVERY
                      ORDER OF PARTIAL DISMISSAL
          ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
                                AND
          ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
                      ON REMAINING DEFENDANTS
```

On January 8, 2007, Plaintiff Mario A. Morales, Bureau of Prisons ("BOP") inmate registration number 20561-424, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), in connection with his confinement at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). (Docket Entry ("D.E.") 1.)[1] On January

---

[1] Although the complaint is filed on the form for commencing actions pursuant to 42 U.S.C. § 1983, Plaintiff is a federal prisoner. To state a § 1983 claim, Plaintiff must allege action under color of state law. West v. Atkins, 487 U.S. 42, 55-57 (1988). Because Plaintiff was in the custody of the BOP, which acts under color of federal law, the Court construes the complaint as one brought
(continued...)

24, 2007, the Court issued an order directing Plaintiff to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $350 civil filing fee. (D.E. 3.) Plaintiff paid the filing fee on February 16, 2007. (D.E. 5.)[2] The Clerk shall record the defendants as BOP Mid-Atlantic Regional Director K.M. White; FCI-Memphis Warden Bruce Pearson; FCI-Memphis Assistant Wardens Deborah A. Gonzales and Mr. Heffron; FCI-Memphis Captain Wynder, Jr.; Special Investigations Director Roberts; Special Housing Unit ("S.H.U.") Lieutenants Barton, Brantley, and Martin; Health Services Administrator Franklund; Health Services Doctor Naimey; Health Services P.A./Nurse Adkins; Psychologists Dr. Ennis and Dr. Spears; Correctional Officers Simon, Williams, Dillard, and Monix; and Case Manager Carpenter and Counselor Clark, of the "Tenn-Unit."

The complaint alleges that, on February 6, 2006, Morales was placed in the S.H.U. pending an investigation. Defendant Barton told Plaintiff he was being locked up to protect him from his cellmate, Ignacio Rodriguez-Moranchel. On February 8, 2006, during Plaintiff's exercise period, he was physically assaulted and stabbed with an ice pick by inmate Rodriguez-Moranchel, who had been placed in the same exercise yard/cage. After corrections

---

[1] (...continued)
pursuant to Bivens.

[2] On February 5, 2007, Plaintiff filed a motion for an extension of time to pay the civil filing fee. (D.E. 4.) As the filing fee was paid within the time set in the January 24, 2007 order, the motion is DENIED as moot. Likewise, as the filing fee has been paid, the motion for leave to proceed in forma pauperis, which was filed on March 14, 2007 (D.E. 6), is DENIED as moot.

officers stopped the assault, Plaintiff was taken to the S.H.U. medical room. He told Defendant Franklund he wanted to go to the hospital but, instead, Defendant Franklund stopped the bleeding, cleaned him up, and returned him to his cell. Plaintiff contends he did not receive appropriate treatment of his injuries.

Morales contends that Defendants Gonzales, Heffron, and Wynder ordered Defendant Brantley to issue Plaintiff a write-up for fighting. The assault was caught on videotape, but Plaintiff contends the "shot" was expunged to cover up the assault. Plaintiff came before the Disciplinary Hearing Officer ("D.H.O.") on June 20, 2006, who recommended that the charge be expunged because Plaintiff was assaulted by Rodriguez-Moranchel. Morales contends that Defendants Pearson and White received copies of the D.H.O.'s decision, yet Plaintiff was moved into a cell adjacent to where Rodriguez-Moranchel was housed. The complaint does not reveal the disposition of the disciplinary charge.

Plaintiff contends he suffered severe stress by being forced to live next to Rodriguez-Moranchel. He requested to be moved to another location but nothing was done. He claims he was retaliated against for filing grievances and seeking medical treatment. The inmate also believes the transfer to his current prison, which is much further away from his family, was in retaliation for his complaints.

Plaintiff seeks injunctive relief and money damages of at least $500,000.

On April 23, 2007, Plaintiff filed two motions. The first, entitled "Pro Se Motion Requesting One Additional; Amending Fifth Count of Conditions of Confinement" (D.E. 7), in which he seeks to amend his complaint to assert a claim for injuries caused by the presence of toxic mold in his cell. Pursuant to Fed. R. Civ. P. 15(a), a litigant is entitled to amend his complaint once without leave of Court and, therefore, the complaint in this case encompasses the claim asserted in this document.

The second document filed on April 23, 2007, entitled "Motion Requesting Amending Money Damages Amount" (D.E. 8), seeks to amend the prayer for relief to request abatement of the mold in the S.H.U. and money damages of not less than $800,000. That motion to amend is GRANTED.

On May 4, 2007, the Clerk filed a document, entitled "Motion Requesting Leave to Supplement the Record." (D.E. 9.) That document is not signed, as required by Fed. R. Civ. P. 11(a), and the Clerk is directed to strike it from the docket without prejudice to its resubmission in compliance with Rule 11(a). The Clerk is directed not to accept for filing any further documents submitted by Plaintiff that do not bear an original manual signature.

On July 13, 2007, the Clerk filed two more documents. The first, entitled "Motion Requesting Discovery from B.O.P." (D.E. 10), seeks the production of documents. Discovery in civil actions is governed by Rules 26-37 in the Federal Rules of Civil Procedure. In general, information is obtained from parties through service of

discovery requests, including document requests and interrogatories. Information is obtained from nonparties through subpoenas. Fed. R. Civ. P. 45. Motions are appropriate only when a dispute concerning discovery arises. As Defendants have not been served with the complaint, Plaintiff's motion for discovery is premature. The motion is DENIED without prejudice to Plaintiff's right to seek any appropriate discovery in accordance with the Federal Rules of Civil Procedure.

The second motion filed on July 13, 2007 is another motion to supplement the record with additional factual allegations and documents. For good cause shown, this motion for leave to amend is GRANTED.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Portions of Plaintiff's complaint are subject to dismissal.

As Plaintiff is no longer incarcerated at FCI-Memphis, his request for abatement of the mold in the S.H.U. is moot. Moore v. Curtis, 68 F. App'x 561, 562 (6th Cir. 2003); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981); see Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); Thompson v. Smith, 719 F.2d 938,

940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison). That aspect of Plaintiff's complaint is DISMISSED. The only remedy for Plaintiff's exposure to mold is monetary. Likewise, the Court DISMISSES Plaintiff's other requests for injunctive relief, to the extent they are asserted against Defendants in their individual capacities, because Plaintiff is no longer at FCI-Memphis.

Defendant Pearson cannot be held liable because of his position as Warden of FCI-Memphis and Defendant White cannot be held liable because of her position as a Regional Director of the BOP. There is no respondeat superior liability under § 1983 or Bivens. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); accord Okoro v. Scibana, 63 Fed. Appx. 182, 184 (6th Cir. Apr. 1, 2003) (Bivens). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that Defendants Pearson and White "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of

the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of Defendants Pearson or White to perform a function he or she was legally obligated to perform, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. In this case, the only factual allegation about Defendants Pearson and White is that they were aware of Plaintiff's statement concerning the alleged assault but failed to take action. Even if it is assumed that one or more defendants violated Plaintiff's rights, Defendants Pearson and White could not be personally liable to Plaintiff.

Finally, the complaint purports to sue all defendants in their individual and official capacities. Each of the defendants is employed by the BOP and, therefore, a claim in his or her official capacity is a claim against the BOP, a federal agency, or the United States. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Bivens claims against federal agencies are barred by sovereign immunity. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity

precludes a <u>Bivens</u> action against a federal agency for damages"). Sovereign immunity also bars <u>Bivens</u> actions against the United States or its agencies for declaratory and injunctive relief. <u>Wolverton v. United States</u>, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); <u>United States v. Rural Elec. Convenience Coop. Co.</u>, 922 F.2d 429, 434 (7th Cir. 1991).

The Court therefore DISMISSES the complaint as to Defendants White and Pearson, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court DISMISSES the complaint, to the extent it seeks injunctive relief, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court also DISMISSES the complaint as to all defendants in their official capacities, pursuant to 28 U.S.C. § 1915A(b)(1) & (2).

II.  Appointment of Counsel

Plaintiff has also filed a motion seeking appointment of counsel. Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." <u>Farmer v. Haas</u>, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. <u>Willett v. Wells</u>, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of

8

exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[3] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of Plaintiff's case, the Court is unable to conclude that Plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Accordingly, the motion for appointment of counsel is DENIED.

III. Issuance of Process

It is ORDERED that the Clerk shall issue process for the remaining defendants and mail that process to Plaintiff, who is responsible for effecting service on Defendants pursuant to Fed. R.

---

[3] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

9

Civ. P. 4(i)(2)(B).[4] The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants or on any Defendant that has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 22nd day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."