IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARIO A. MORALES, | § | |
| Plaintiff, | § | |
| vs. | § | No. 07-2018-B/V |
| K.M. WHITE, et al., | § | |
| Defendant. | § | |

ORDER DENYING MOTION FOR RECONSIDERATION

On January 8, 2007, Plaintiff Mario A. Morales, Bureau of Prisons ("BOP") inmate registration number 20561-424, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), in connection with his confinement at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). (Docket Entry ("D.E.") 1.) Plaintiff paid the filing fee on February 16, 2007. (D.E. 5.) He filed amendments to his complaint on April 23, 2007 (D.E. 7 & 8) and on July 13, 2007 (D.E. 11). The Court issued an order on August 22, 2007 that, inter alia, dismissed the claim for injunctive relief as moot, dismissed the complaint as to two defendants who were sued only as supervisors, and dismissed the complaint as to all defendants in their official capacities. (D.E. 12 at 5-8.) The order also directed the Clerk to issue process for the remaining

defendants and mail it to Plaintiff, who is responsible for effecting service. (Id. at 9-10.) On September 10, 2007, Morales filed a motion seeking reconsideration of the August 22, 2007 order. (D.E. 33.)

To the extent Plaintiff takes issue with the Court's factual summary (id. at 2-4), the allegations of his complaint, as amended, speaks for itself. It is not necessary for Plaintiff to correct that summary unless he contends that a claim was wrongly dismissed.[1]

The August 22, 2007 order denied a motion to supplement the record, filed on May 4, 2007 (D.E. 9), because it was unsigned. Plaintiff submitted a signed copy of that motion as an exhibit to his September 10, 2007 motion. (D.E. 33 at 19-22.) He did not resubmit the exhibits, and the Clerk will not be required to sift through Plaintiff's previous filings to assemble his documents for him. Moreover, pursuant to Jones v. Bock, 127 S. Ct. 910, 919 (2007), it is not necessary for prisoners affirmatively to allege their compliance with 42 U.S.C. § 1997e(a). This aspect of Plaintiff's motion is DENIED.

Next, Morales urges the Court to reconsider the dismissal of the complaint insofar as it seeks abatement of the toxic mold at FCI-Memphis. (D.E. 33 a 4-5.) As Plaintiff is no longer at FCI-Memphis, he is not now exposed to the mold and his request for

---

[1] Morales is cautioned that his motion is not an amendment to the complaint and the documents submitted in support of the instant motion are not exhibits to the complaint. Pursuant to Fed. R. Civ. P. 8(a)(2), it is not necessary for Plaintiff to attach all relevant documents to his complaint.

2

injunctive relief is moot. His claim for money damages for that exposure was not dismissed. If the mold remains, any prisoner currently at FCI-Memphis is free to seek any legal remedies, including injunctive relief. Plaintiff, a pro se litigant who is not a licensed attorney, cannot seek relief on behalf of persons other than himself. This aspect of the motion for reconsideration is DENIED.

Plaintiff seeks reconsideration of the dismissal of former FCI-Memphis Warden Bruce Pearson, arguing that (i) Pearson ignored his personal pleas, during the warden's weekly walk-throughs of the Special Housing Unit ("SHU") to move him from a cell next to the one occupied by Ignacio Rodriguez-Moranchel; (ii) he signed the responses to Plaintiff's grievances; and (iii) he is responsible for training and supervision of corrections officers in the SHU. (Id. at 5-6.) Arguments (i) and (iii) submit, in essence, that Pearson should be held liable because, as warden, he failed to take action to correct the errors of his subordinates or failed properly to train and supervise his subordinates. Both contentions rely on a respondeat superior theory that is not available under Bivens. Plaintiff has alleged no facts that Pearson was personally responsible for any of the actions at issue in this lawsuit.

Argument (ii) seeks to hold Pearson liable because he failed to take action in response to Morales' grievances. Plaintiff also seeks reconsideration of the dismissal of the complaint against BOP Mid-Atlantic Regional Director K.M. White on the same basis. (Id. at 6-7.) There is no cause of action for the improper

3

adjudication of, or failure to adjudicate, an inmate's grievances. Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003); Smith v. Corrections Corp. of Am., 19 F. App'x 318, 321 (6th Cir. 2001) (holding that prisoner "had no constitutional right to . . . disciplinary or grievance systems that met his standards"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Irvin v. Fluery, No. 2:07-cv-117, 2007 WL 3036493, at *3 (W.D. Mich. Oct. 16, 2007) ("[T]he Sixth Circuit and other circuit courts have held that there is no constitutional right to access to an institutional grievance procedure."); Mackey v. Carberry, No. 2:07-cv-43, 2007 WL 2479296, at *3 (W.D. Mich. Aug. 28, 2007). Plaintiff's motion to reconsider the dismissal of Defendant Pearson is DENIED.

Morales seeks reconsideration of the dismissal of the claims against Defendants in their official capacities. (D.E. 33 at 7-8.) The cases cited by Plaintiff do not hold any party liable under Bivens in his or her official capacity. Hearn v. Morris, 526 F. Supp. 267, 268-69 (E.D. Cal. 1981), and O'Connor v. Keller, 510 F. Supp. 1359, 1374 (D. Md. 1981), involved claims under 42 U.S.C. § 1983 against prison officials in their individual capacities. This aspect of the motion for reconsideration is DENIED.

The inmate suggests he may obtain relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. (D.E. 33 at 8-9), but the complaint does not assert a claim under the APA. This aspect of the motion for reconsideration is DENIED.

Plaintiff also seeks reconsideration of the order denying appointment of counsel. (D.E. 33 at 9-12.) Even if the case is

4

assumed to have legal merit, there is a severe shortage of pro bono attorneys in this district willing to represent prisoners in suits challenging prison conditions. Plaintiff's situation is not distinguishable from that of numerous other prisoners who are proceeding pro se. This aspect of the motion for reconsideration is DENIED.

Plaintiff complains that he was not allowed to proceed in forma pauperis and that he was required personally to effect service on Defendants. (Id. at 12-13.) Morales has never established that he was indigent. When he commenced this action, Plaintiff filed only the first page of a nonprisoner in forma pauperis affidavit, which requests appointment of counsel, along with a letter stating that he planned to submit an affidavit after he ensures there are no longer funds in his inmate trust fund account. (D.E. 2.) The Court issued an order on January 24, 2007 directing him to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or remit the $350 civil filing fee. (D.E. 3.) In that order, Plaintiff was notified that it was not acceptable to defer filing an in forma pauperis affidavit until he spent down his trust fund account. (Id. at 2-3 n.3.) Plaintiff responded by paying the civil filing fee and, therefore, his in forma pauperis motion was denied as moot. (D.E. 33 at 2 n.2.) Even if that were not the case, Plaintiff's trust fund account balance of $1212.27 as of March 8, 2007 (D.E. 6 at 10) would render him ineligible to take advantage of the installment-

payment provisions of the PLRA. This aspect of the motion for reconsideration is DENIED.

Plaintiff also complains that he was required to serve Defendants himself, and he suggests that the Clerk could have mailed the summonses directly to Defendants. (D.E. 33 at 12-14.) Plaintiffs are generally responsible for effecting service on defendants. Fed. R. Civ. P. 4(c)(1); cf. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 2006) (per curiam) (court is responsible for assisting indigent plaintiffs with service of process). Apart from the fact that Plaintiff did not qualify for in forma pauperis status, the Clerk never serves process because it is not an appropriate function for a Court employee. Instead, pursuant to Fed. R. Civ. P. 4(c)(3), the marshal serves process for indigent litigants. Although Plaintiff is not eligible to have process in this case served by the marshal at no cost to him, he is free to submit a motion seeking designation of the marshal for service on any defendant he has been unable to serve. Plaintiff will be responsible for tendering the fees for such service to the marshal. This aspect of the motion for reconsideration is DENIED.

Finally, Morales complains that he must serve copies of every motion filed on all Defendants. (D.E. 33 at 14.) That requirement is imposed by Fed. R. Civ. P. 5(a)(1), and this Court is unable to relieve him from that rule. As Defendants are represented by a single attorney, any hardship imposed by that

requirement has been greatly ameliorated. This aspect of the motion to dismiss is DENIED.

IT IS SO ORDERED this 24th day of April, 2008.

                                                 s/ J. DANIEL BREEN
                                                 UNITED STATES DISTRICT JUDGE